Per Curiam.

It is contended by the defendant in this case, that the writing on the back of the note, to which is affixed the signature of Prince, the promissee, is of a different nature from a common indorsement, and that it made a contract merely between Prince and Faulkner, to whom he transferred it, which was not transferable in its nature by Faulkner.
Whatever effect such a writing on the back of a note might legally have, beyond that of an assignment of the note, we do not think it necessary to decide. But we are all of opinion that the note did not lose its negotiability by this special indorsement, any more than it would if it had been indorsed with the words, “ without recurrence to the indorser,” which is a common form of indorsement where the indorser does not intend to remain liable.
The defendant’s engagement amounts to a promise that the note should at all events be paid within six months. Now this promise may not be assignable in law ; and yet the note itself may be assignable by the party to whom it was so transferred, so that, upon nonpayment of it by the promissor, the holder would have a right of action against * Prince as indorser.† A demand was [* 16] *22 made Upon the promissor within a short time after the date of the note; and notice was given to the indorser, as soon as he relumed to this country, he being absent during the whole of the six months the note was to run. It does not appear that he had any dwellinghouse or place of business here while be was absent, so that a call upon him as soon as he returned was all that could be done or required. We think, upon the facts agreed, that the defend ant must be called.†

Defendant defaulted.

 Quere, whether the writing upon the note was not a special guaranty, requiring a «onsideration to support it, and available only to the party to whom it was originally *22 made, and not to the bearer ? Taylor vs. Binney, 7 Mass Rep. 470. — Brown vs. Gilman, 13 Mass. Rep. 158. — Tenney vs. Prince, 4 Pick. 385; and whether the obligations arising from a common indorsement could be implied ? Sullivan vs. Whitings 7 Mass Rep. 107. — Aldridge & Higdon vs Turner, 1 G. & J.427.

 Bailey on Bills, 281 - 284, 5tn ed. — Chitty on Bills, 213, 6th ed. — Thompson on Bills, 443 — 536.